**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

<table>
<tr><td>VON THANH,<br>A-027-340-839,<br><br>                  Petitioner,<br><br>      v.<br><br>WARDEN OF THE GOLDEN STATE<br>ANNEX DETENTION FACILITY et. al.,<br><br>              Respondents.</td><td>No.  1:25-cv-01871-DAD-DMC (HC)<br><br>FINDINGS AND RECOMMENDATIONS</td></tr>
</table>

Petitioner, an immigration detainee proceeding pro se, brings this petition for a writ of habeas corpus under 28 U.S.C. § 2241.

On December 19, 2025, the Court dismissed Petitioner's petition and directed Petitioner to file an amended petition within 30 days. See ECF No. 4.  Petitioner was warned that failure to file an amended petition may result in dismissal of this action for lack of prosecution and failure to comply with court rules and orders. See Local Rule 110.  To date, Petitioner has not complied. The Court additionally notes that Petitioner filed a new habeas action on January 16, 2026, No. 1:26-cv-00344-KES-SKO, which is proceeding on the merits.

The Court must weigh five factors before imposing the harsh sanction of dismissal. See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987).  Those factors are:  (1) the public's

1

interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3) the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.  See id.; see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam).  A warning that the action may be dismissed as an appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor.  See Malone, 833 F.2d at 132-33 & n.1.  The sanction of dismissal for lack of prosecution is appropriate where there has been unreasonable delay.  See Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986).  Dismissal has also been held to be an appropriate sanction for failure to comply with an order to file an amended complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992).

Having considered these factors, and in light of Petitioner's failure to file an amended petition as directed, the Court finds that dismissal of this action is appropriate.

Based on the foregoing, IT IS HEREBY RECOMMENDED that:

1.     This action be DISMISSED, without prejudice, for lack of prosecution and failure to comply with court rules and orders.

2.     Petitioner's motion for counsel, ECF No. 2, be DENIED AS MOOT.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 18, 2026

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE